**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

FILED

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ROBERT K. FULK, the DISTRICT of COLUMBIA ex rel. ROBERT K. FULK, CALIFORNIA ex rel. ROBERT K. FULK, DELAWARE ex rel. ROBERT K. FULK, FLORIDA ex rel. ROBERT K. FULK, HAWAII ex rel. ROBERT K. FULK, ILLINOIS ex rel. ROBERT K. FULK, INDIANA ex rel. ROBERT K. FULK, MASSACHUSETTS ex rel. ROBERT K. FULK, MINNESOTA ex rel. ROBERT K. FULK, MONTANA ex rel. ROBERT K. FULK, NEVADA ex rel. ROBERT K. FULK, NEW HAMPSHIRE ex rel. ROBERT K. FULK, NEW JERSEY ex rel. ROBERT K. FULK, NEW MEXICO ex rel. ROBERT K. FULK, NEW YORK ex rel. ROBERT K. FULK, NORTH CAROLINA ex rel. ROBERT K. FULK, OKLAHOMA ex rel. ROBERT K. FULK, RHODE ISLAND ex rel. ROBERT K. FULK, TENNESSEE ex rel. ROBERT K. FULK, VIRGINIA ex rel. ROBERT K. FULK, THE CITY OF CHICAGO ex rel. ROBERT K. FULK, NEW YORK CITY ex rel. ROBERT K. FULK, and ROBERT K. FULK, individually, | 2011 AUG 19 A 10 15 <br><br> CLERK US DISTRICT COURT ALEXANDRIA, VIRGINIA <br><br> CASE NO.: 1:11 CV 890 CMH/TCB <br><br> **FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3729 ET SEQ.** |
| Plaintiffs | **JURY TRIAL DEMANDED** |
| v. | |
| UNITED PARCEL SERVICE, UPS SUPPLY CHAIN, AND UPS FREIGHT | |
| Defendants. | |

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL FALSE CLAIMS ACT AND VARIOUS STATE AND CITY FALSE CLAIMS ACTS AND DEMAND FOR JURY TRIAL

This is an action against United Parcel Service, UPS Supply Chain, and UPS Freight for

engaging in fraudulent billing practices that violate the federal False Claims Act and its state and

city law counterparts. This action is brought by Robert K. Fulk ("Relator"), by and through his

undersigned attorneys, on behalf of himself, the United States of America ("United States") and

1

the District of Columbia, the State of California, the State of Delaware, the State of Florida, the State of Hawaii, the State of Illinois, the State of Indiana, the Commonwealth of Massachusetts, the State of Minnesota, the State of Montana, the State of Nevada, the State of New Hampshire, the State of New Jersey, the State of New Mexico, the State of New York, the State of North Carolina, the State of Oklahoma, the State of Rhode Island, the State of Tennessee, the Commonwealth of Virginia, the city of Chicago and New York City (collectively "Plaintiff States and Local Governments"). Relator avers as follows for his Complaint against United Parcel Service, UPS Supply Chain, and UPS Freight (collectively "UPS" or "Defendants") based upon personal knowledge and relevant documents:

## I.   **INTRODUCTION**

1.     Defendants UPS charge the United States and various state and local governments hundreds of millions of dollars annually for delivery services. The services offered by UPS must compete with similar services offered by such companies as Federal Express and the United States Postal Service. In order to maximize its profit in such a competitive environment, UPS has implemented a systematic pattern of fraud against the United States and Plaintiff States and Local Governments. UPS accomplishes this fraud by charging the United States and Plaintiff States and Local Governments for premium classes of delivery with guaranteed delivery times without actually providing the paid for service. UPS thereby defrauds the United States and Plaintiff States and Local Governments by obtaining payment for services not actually delivered by utilizing such techniques as:

- Creating false records by entering fraudulent delivery times into its tracking system so as to make it appear packages were delivered on time when they were not;

2

- Falsely representing to the federal, state and local government customers that nonexistent security delays caused the failure of service;

- Falsely representing to federal, state and local government customers that the customers had requested later deliveries when they had not.

2.     From at least 2004, UPS employed these and other techniques to make false claims amounting to hundreds of millions of dollars as well as to avoid paying its promised money-back guarantee to federal, state and local government customers.

3.     These schemes allow UPS to subsidize its delivery service costs by putting government customers last and servicing its non-government customers first.

4.     These schemes also allow UPS to avoid ever paying its money-back guarantee for late deliveries.

5.     Relator Robert K. Fulk is uniquely qualified to assist the United States in uncovering this fraud as his employment experience with UPS includes both working as a delivery driver as well as working in management as an Air, Driver, Pre-Load and Local Sort Operations Supervisor.  Relator is the original source of the facts and information hereinafter set forth concerning the activities of the Defendants. The facts averred herein are based upon Relator's direct, independent, and personal knowledge, upon information and belief, and also upon documents in his possession.

**II.     PARTIES**

6.     Relator Robert K. Fulk is a resident of the Commonwealth of Virginia.

7.     UPS is a corporation with its principal place of business in Sandy Springs, Georgia. Defendants are principally engaged in providing business services, including packing, shipping, and transportation. Defendants conduct business in more than 220 countries and territories, including the United States, and the Commonwealth of Virginia.

3

### III.   JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. § 1331, 28 U.S.C. § 1367 and 31 U.S.C. § 3732, the last of which specifically confers

jurisdiction on this Court for actions brought pursuant to 31 U.S.C. §§ 3729 and 3730.  Under 31

U.S.C. § 3730(e) as amended, there has been no statutorily relevant public disclosure of the

"allegations or transactions" in this Complaint.  Relator Fulk moreover qualifies under that

section of the False Claims Act as an "original source" of the allegations in this Complaint even

had such a public disclosure occurred.

9.      Upon the filing of this complaint, Relator Fulk shall concurrently serve upon the

Attorney General of the United States and the United States Attorney for the Eastern District of

Virginia, the Plaintiff States' Attorneys Generals' offices (or other State offices designated by

statute), the city clerk for the City of Chicago, and the New York City Department of

Investigation this complaint and a disclosure statement summarizing substantially all material

facts and information relevant to this case pursuant to 31 U.S.C. § 3730(b)(2).  This disclosure

statement is supported by material evidence known to Relator at his filing establishing the

existence of Defendants' false claims. Because the statement includes attorney-client

communications and work product of Relator's attorneys, and is submitted to the Attorney

General and to the United States Attorney in their capacity as potential co-counsel in the

litigation, the Relator understands this disclosure to be confidential and the initial disclosure

statement and all documents provided therewith, and all supplements thereto, are incorporated

herein by reference.

10.     This Court has personal jurisdiction and venue over the Defendants pursuant to 28

U.S.C. § 1391(b) and 31 U.S.C. § 3732(a) because those sections authorize nationwide service of

process and because acts proscribed by 31 U.S.C. § 3729 et seq. and complained of herein took

place in this district. Moreover, at all times material and relevant, Defendants could be found,

4

resided and transacted business in this District, and continue to do so. This Court has

supplemental jurisdiction over the State and City law claims pursuant to 28 U.S.C. § 1367(a).

IV.   **BACKGROUND**

11.   Defendants UPS offer ground delivery and express package services within the

United States, including: UPS Next Day Air Early A.M. (delivery time guaranteed for as early as

8:00 a.m. the following business day, depending on the zip code); UPS Next Day Air (delivery

time guaranteed for as early as 10:30 a.m. the following business day, depending on the zip

code); and UPS Next Day Air Saver (delivery time guaranteed for as early as 3:00 p.m. the next

business day, depending on the zip code).

12.   Defendants UPS offer international express and ground package services,

including: UPS Express Critical (delivery date and time provided and guaranteed when order is

placed); UPS Worldwide Express Plus (1-3 business days delivery time guaranteed for as early

as 8:30 a.m.); and UPS Worldwide Express (1-3 business days delivery time guaranteed for as

early as 10:30 a.m.).

13.   Prices for both domestic and international UPS services are based on package

weight, shipment dimensions, destination and type of service purchased, plus special fees and

surcharges, including fuel surcharges, multiple-piece shipments, oversize packages, and re-

delivery service.

14.   A large percentage of Defendants' business consists of delivery services

contracted for and paid for by the United States, Plaintiff States and Local Governments. Upon

information and belief, Defendants' annual gross revenue from government contracts amounts to

hundreds of millions of dollars.

15.   A large percentage of Defendants' business consists of delivery services

contracted for and paid for by government contractors who pass the cost of these services

through to the United States, Plaintiff States and Local Governments. Upon information and

belief, Defendants' annual gross revenues from government contractors who then pass the cost of Defendants' services onto the government amount to many millions of dollars.

16.     When the United States, Plaintiff States and Local Governments contract with UPS for delivery services, a shipping label is filled out for each package, indicating such information as the destination, class of service and billing information. The class of service purchased indicates the delivery time for which the customer has contracted. For example, if the customer has purchased UPS Next Day Air with a guarantee time of 10:30 a.m., then the package is guaranteed to be delivered by 10:30 a.m. the following morning.

17.     Each package handled by UPS is assigned a tracking number, also known as a bar code, at the time the sender gives the package to UPS. UPS drivers scan the bar codes on the packages at the time the packages are actually delivered to the customer. The tracking system allows UPS to make a record of any delays that may occur in delivery. If a delay does occur, then UPS is obligated to refund a customer.

18.     UPS promises its customers that a failure to deliver on-time will entitle the customer to a refund. UPS defines a failure to deliver on time as any time the service occurs after the agreed upon delivery commitment time for the selected service and destination.

19.     A limited number of exceptions exist to UPS's service guarantee including delays caused by bad weather, a bad address on the package, or delays caused by security procedures at the delivery location. A delay in delivery may also occur where the recipient of a package has requested a later delivery time than the time originally contracted for. This exception is referred to as a "request late."

## V.     APPLICABLE LAW

20.     This action to recover damages and civil penalties on behalf of the United States of America and the Plaintiff States and Local Governments arises from false and/or fraudulent records, statements and claims made, used and caused to be made, used or presented by

6

Defendants and/or their agents, employees and co-conspirators in violation of the Federal Civil

False Claims Act, 31 U.S.C. § 3729 et seq., as amended ("the FCA" or "the Act") and its state-

law and city-law counterparts: the District of Columbia Procurement Reform Amendment Act,

D.C. Code Ann. § 1-1188.13 et seq.; the California False Claims Act, Cal. Gov Code § 12650 et

seq.; the Delaware False Claims and False Reporting Act, 6 Del. C. § 1201 et seq.; the Florida

False Claims Act, Fla. Stat. Ann. § 68.081 et seq.; the Hawaii False Claims Act, Haw. Rev. Stat.

§ 661-21 et seq.; the Illinois Whistleblower Reward and Protection Act, 740 Ill. Comp. Stat. §

175/1-8; the Indiana False Claims and Whistleblower Protection Act, Indiana Code 5-11-5.5 et

seq.; the Massachusetts False Claims Law, Mass. Gen. Laws ch. 12 § 5 et seq.; the Minnesota

False Claims Act, Minn. Stat. § 15C.01 et seq.; the Montana False Claims Act, 2005 Mont.

Code, Ch. 465; the Nevada False Claims Act, Nev. Rev. Stat. Ann. § 357.010 et seq.; the New

Hampshire False Claims Act, § 167:61-b et seq.; the New Jersey False Claims Act, N.J. STAT. §

2A:32C-1; the New Mexico Medicaid False Claims Act, N.M. Stat. Ann.§ 27-2F-1 et seq.; the

New Mexico Fraud Against Taxpayers Act , N.M. Stat. § 44-9-1 et seq.; the New York False

Claims Act, State Finance Law. §187 et seq.; the North Carolina False Claims Act, N.C. Gen.

Stat § 1-605 et seq.; the Rhode Island False Claims Act, R.I. Gen. Laws § 9-1.1-1, et seq.; the

Tennessee False Claims Act Tenn. Code Ann. § 4-18-101 et seq.; the Virginia Fraud Against

Taxpayers Act, Va. Code Ann. § 8.01-216.1 et seq., the Chicago False Claims Act, Chicago

Municipal Code, ch. 1-22 et seq., and  the New York City False Claims Act, N.Y.C. Admin.

Code § 7-801, et seq.

## VI.    ALLEGATIONS

21.     Since at least 2004, when Relator began working for UPS, and for at least some

period of time preceding 2004, UPS began using a number of fraudulent methods to falsely

conceal the late delivery of packages.  These methods include: entering false data showing on-

time delivery of packages before the package's arrival at its delivery destination; placing a false

reason in the tracking system to excuse a late delivery, for example entering into the system information indicating that the delivery was delayed by security procedures at the destination location when it was not and even before the driver had arrived at that location; blaming a late delivery on bad weather when weather played no part in the delayed delivery; or blaming the late delivery on a customer request when no such request was made. This fraudulent conduct is on-going.

22.     UPS presents a false claim to the United States and to the Plaintiff States and Local Governments each time it seeks payment for a delivery service not provided. Hundreds of thousands of these false claims are presented each day by UPS to the United States and to the Plaintiff States and Local Governments.

23.     The systematic presentation of these false claims to the United States, Plaintiff States and Local Governments over a period of years represents a deliberate scheme on the part of UPS to overcharge the United States and the Plaintiff States and Local Governments and nets UPS millions of dollars a year.

24.     This scheme not only fraudulently nets UPS millions of dollars directly from the United States and the Plaintiff States and Local Governments but also allows UPS to subsidize its other non-government business at the expense of taxpayers.

25.     UPS creates false records as part of its scheme to overcharge the United States and Plaintiff States and Local Governments by entering false delivery times into its tracking system via what is known as the DIAD Board, indicating that the package was delivered on time when it was not. UPS also creates false records by entering false excuses for delayed deliveries into the DIAD Board.

26.     UPS makes false representations to government customers regarding its failure to provide certain classes of service when it claims that a delay in delivery to a government facility was caused by a reason, such as a security delay, bad weather or a delay requested by the

8

customer, when in fact the delay was caused by UPS's own action or inaction. These false representations are also used by UPS to avoid living up to its service guarantee and avoid having to refund any payments to its government customers, including the United States and Plaintiff States and Local Governments.

27.     Despite the fact that UPS has failed in some instances for years to deliver on time service to certain government installations, it continues to charge the United States and Plaintiff States and Local Governments millions upon millions of dollars for a service it never delivers.

28.     In addition, government contractors who pay for failed service pass on their costs to the United States and Plaintiff States and Local Governments so that UPS is directly responsible for causing the contractors to submit false claims to the United States and Plaintiff States and Local Governments.

29.     UPS benefits from each and every false claim and statement submitted for a failed delivery service by charging and collecting for a service it does not provide. These false claims for failed deliveries allow UPS to illegally reap millions if not hundreds of millions of dollars a year from the United States and Plaintiff States and Local Governments.

30.     The false claims and statements allow UPS to subsidize its service to non-government customers. Deliveries to non-government customers can be prioritized over those for government customers because UPS depends on not having to deliver its government customer's packages on time. This not only allows UPS to provide better service to its non-government customers at the expense of the United States and the Plaintiff States and Local Governments but also increases UPS's profits from the non-government sector by reducing the likelihood that its non-government deliveries will ever be late and cause UPS to have to provide a refund.

31.     UPS's false claims have caused the United States and the Plaintiff States and Local Governments enormous monetary losses by asking for payment for classes of delivery

service that were never provided. Further loss has occurred because the UPS service failures have inconvenienced government workers and sometimes even impeded those workers from performing their jobs.

## VII. CLAIMS FOR RELIEF

### COUNT ONE

**(Violations of Federal False Claims Act)**
**(U.S.C. § 3729(a)(2)(A))**

32.     Relator repeats and incorporates by reference the allegations contained in Paragraphs 1 through 31 of this Complaint as if fully set forth herein. This Count is brought by Relator Fulk in the name of the United States under the qui tam provisions of 31 U.S.C. §3730 et seq. for Defendants' violations of 31 U.S.C. § 3729 et seq. As more particularly set forth in the foregoing paragraphs, by virtue of the acts and omissions alleged herein Defendants knowingly caused to be presented directly or indirectly to officers or employees of the United States Government false or fraudulent claims for payment or approval, in violation of 31 U.S.C. § 3729(a)(2)(A).

33.     Plaintiff United States, unaware of the falsity of the claims and/or statements caused to be made by Defendants, and in reliance on the accuracy thereof, have paid and approved and continue to pay and approve, claims that were ineligible for reimbursement and which would not have been paid or approved if any part of the truth were known.

34.     The amounts of the false or fraudulent claims caused by the Defendants to be submitted to the United States were material. By reason of Defendants' wrongful conduct, the United States has suffered substantial losses in an amount to be proven at trial, and therefore is entitled to multiple damages under the False Claims Act, to be determined at trial, plus civil penalties of $5,500 to $11,000 for each such false claim caused to be submitted by Defendants.

35.     Relator believes and avers that he is an original source of the facts and information upon which this action is based.

## COUNT TWO

### (Violations of False Claims Act)
### (U.S.C. § 3729(a)(2)(B))

36.     Relator repeats and incorporates by reference the allegations contained in Paragraphs 1 through 35 of this Complaint as if fully set forth herein. This Count is brought by Relator Fulk in the name of the United States under the qui tam provisions of 31 U.S.C. § 3730 et seq. for Defendants' violations of 31 U.S.C. § 3729 et seq. As more particularly set forth in the foregoing paragraphs, by virtue of the acts and omissions alleged herein, Defendants knowingly made, used, or caused to be made or used false records or statements to get false or fraudulent claims paid or approved by the United States in violation of 31 U.S.C. § 3729(a)(2)(B).

37.     Plaintiff United States, unaware of the falsity of the records and/or statements caused to be made and used by Defendants, and in reliance on the accuracy thereof, have paid and approved, and continue to pay and approve, claims that were ineligible for reimbursement and which would not have been paid or approved if any part of the truth were known.

38.     The amounts of the false or fraudulent claims caused by the Defendants to be submitted to the United States were material. By reason of Defendants' wrongful conduct, the United States has suffered substantial losses in an amount to be proven at trial, and therefore is entitled to multiple damages under the False Claims Act, to be determined at trial, plus a civil penalty of $5,500 to $11,000 for each such false statement caused to be made or used by Defendants.

39.     Relator believes and avers that he is an original source of the facts and information on which this action is based.

11

## COUNT THREE

### (Violations of the False Claims Act)
### (U.S.C. § 3729(a)(2)(G))

40.     Relator repeats and incorporates by reference the allegations contained in Paragraphs 1 through 39 of this Complaint as if fully set forth herein. This Count is brought by Relator Fulk in the name of the United States under the qui tam provisions of 31 U.S.C. § 3730 et seq. for Defendants' violations of 31 U.S.C. § 3729 et seq. As more particularly set forth in the foregoing paragraphs, by virtue of the acts and omissions alleged herein, Defendants knowingly made, used, or caused to be made or used false records or statements material to an obligation to pay or transit money or property to the United States, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the United States in violation of 31 U.S.C. § 3729(a)(2)(G).

41.     Plaintiff United States, unaware of the falsity of the records and/or statements caused to be made and used by Defendants, and in reliance on the accuracy thereof, have paid and approved, and continue to pay and approve, claims that were ineligible for reimbursement and which would not have been paid or approved if any part of the truth were known.

42.     The amounts of the false or fraudulent claims caused by the Defendants to be submitted to the United States were material. By reason of Defendants' wrongful conduct, the United States has suffered substantial losses in an amount to be proven at trial, and therefore is entitled to multiple damages under the False Claims Act, to be determined at trial, plus a civil penalty of $5,500 to $11,000 for each such false statement caused to be made or used by Defendants.

43.     Relator believes and avers that he is an original source of the facts and information on which this action is based.

## COUNT FOUR

### (Violations of the False Claims Act)
### (U.S.C. § 3729(a)(2)(C))

44.     Relator repeats and incorporates by reference the allegations contained in

Paragraphs 1 through 43 of this Complaint as if fully set forth herein.  This Count is brought by

Relator Fulk in the name of the United States under the qui tam provisions of 31 U.S.C. § 3730

et seq. for Defendants' violations of 31 U.S.C. § 3729 et seq.  As more particularly set forth in

the foregoing paragraphs, by virtue of the acts and omissions alleged herein, Defendants

conspired to knowingly cause to be presented directly or indirectly to officers or employees of

the United States Government false or fraudulent claims for payment or approval,  in violation of

31 U.S.C. § 3729(a)(2)(A).

45.     As more particularly set forth in the foregoing paragraphs, by virtue of the acts

and omissions alleged herein, Defendants conspired to knowingly make, use, or caused to be

made or used false records or statements to get false or fraudulent claims paid or approved by the

United States in violation of 31 U.S.C. § 3729(a)(2)(B).

46.     As more particularly set forth in the foregoing paragraphs, by virtue of the acts

and omissions alleged herein, Defendants conspired to knowingly make, use, or cause to be

made or used false records or statements material to an obligation to pay or transit money or

property to the United States, or knowingly conceal or knowingly and improperly avoid or

decrease an obligation to pay or transmit money or property to the United States in violation of

31 U.S.C. § 3729(a)(2)(G).

47.     The amounts of the false or fraudulent claims caused by the Defendants to be

submitted to the United States were material. By reason of Defendants' wrongful and

conspiratorial conduct, the United States has suffered substantial losses in an amount to be

proven at trial, and therefore is entitled to multiple damages under the False Claims Act, to be

determined at trial, plus a civil penalty of $5,500 to $11,000 for each such false statement caused to be made or used by Defendants.

48.     Relator believes and avers that he is an original source of the facts and information on which this action is based.

## COUNT FIVE

### (District of Columbia False Claims Act)
### (D.C. Code Ann. § 2-308.03 et seq.)

49.     Relator repeats and incorporates by reference the allegations contained in paragraphs 1 through 48 of this Complaint as if fully set forth herein.

50.     By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the District of Columbia Government for payment or approval.

51.     By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the District of Columbia Government to approve and pay such false and fraudulent claims.

52.     The District of Columbia Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.

53.     By reason of the Defendants' acts, the District of Columbia has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

54.     Pursuant to D.C. Code Ann. § 2-308.14, the District of Columbia is entitled to three times the amount of actual damages plus the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT SIX

### (California False Claims Act)
### (Cal. Govt. Code § 12651 et seq.)

55.     Relator repeats and incorporates by reference the allegations contained in paragraphs 1 through 54 of this Complaint as if fully set forth herein.

56.     By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the California State Government for payment or approval.

57.     By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the California State Government to approve and pay such false and fraudulent claims.

58.     The California State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.

59.     By reason of the Defendants' acts, the State of California has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

60.     Pursuant to Cal. Govt. Code § 12651(a), the State of California is entitled to three times the amount of actual damages plus the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT SEVEN

### (Delaware False Claims and Reporting Act)
### (Del Code Ann. tit. 6, § 1201 et seq.)

61.     Relator repeats and incorporates by reference the allegations contained in paragraphs 1 through 60 of this Complaint as if fully set forth herein.

15

62.     By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the Delaware State Government for payment or approval.

63.     By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Delaware State Government to approve and pay such false and fraudulent claims.

64.     The Delaware State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.

65.     By reason of the Defendants' acts, the State of Delaware has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

66.     Pursuant to Del. Code Ann. tit. 6, § 1201(a), the State of Delaware is entitled to three times the amount of actual damages plus the maximum penalty of $11,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT EIGHT

### (Florida False Claims Act)
### (Fla. Stat. Ann. § 68.081 et seq.)

67.     Relator repeats and incorporates by reference the allegations contained in paragraphs 1 through 66 of this Complaint as if fully set forth herein.

68.     By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the Florida State Government for payment or approval.

69.     By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Florida State Government to approve and pay such false and fraudulent claims.

70.     The Florida State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.

71.     By reason of the Defendants' acts, the State of Florida has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

72.     Pursuant to Fla. Stat. Ann. § 68.082(2), the State of Florida is entitled to three times the amount of actual damages plus the maximum penalty of $11,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT NINE

### (Hawaii False Claims Act)
### (Haw. Rev. Stat. § 661-21 et seq.)

73.     Relator repeats and incorporates by reference the allegations contained in paragraphs 1 through 72 of this Complaint as if fully set forth herein.

74.     By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the Hawaii State Government for payment or approval.

75.     By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Hawaii State Government to approve and pay such false and fraudulent claims.

76.     The Hawaii State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.

77.     By reason of the Defendants' acts, the State of Hawaii has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

78.     Pursuant to Haw. Rev. Stat. § 661-21(a), the State of Hawaii is entitled to three times the amount of actual damages plus the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT TEN

### (Illinois Whistleblower Reward and Protection Act)
### (740 Ill. Comp. Stat. § 175/1 et seq.)

79.     Relator repeats and incorporates by reference the allegations contained in paragraphs 1 through 78 of this Complaint as if fully set forth herein.

80.     By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the Illinois State Government for payment or approval.

81.     By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Illinois State Government to approve and pay such false and fraudulent claims.

82.     The Illinois State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.

83.     By reason of the Defendants' acts, the State of Illinois has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

84.     Pursuant to 740 Ill. Comp. Stat. § 175/3(a), the State of Illinois is entitled to three times the amount of actual damages plus the maximum penalty of $11,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT ELEVEN

### (Indiana False Claims and Whistleblower Protection Act)
### (Ind. Code § 5-11-5.5-1 et seq.)

85.     Relator repeats and incorporates by reference the allegations contained in paragraphs 1 through 84 of this Complaint as if fully set forth herein.

86.     By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the Indiana State Government for payment or approval.

87.     By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Indiana State Government to approve and pay such false and fraudulent claims.

88.     The Indiana State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.

89.     By reason of the Defendants' acts, the State of Indiana has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

90.     Pursuant to Ind. Code § 5-11-5.5-2(b), the State of Indiana is entitled to three times the amount of actual damages plus at least $5,000 for each and every false or fraudulent

claim, record or statement made, used, presented or caused to be made, used or presented by

Defendants.

## COUNT TWELVE

### (Massachusetts False Claims Law)
### (Mass. Gen. Laws ch. 12, § 5A et seq.)

91.     Relator repeats and incorporates by reference the allegations contained in

paragraphs 1 through 90 of this Complaint as if fully set forth herein.

92.     By virtue of the acts described above, Defendants knowingly presented or caused

to be presented, false or fraudulent claims to the Massachusetts Commonwealth Government for

payment or approval.

93.     By virtue of the acts described above, Defendants knowingly made, used, or

caused to be made or used false records and statements, and omitted material facts, to induce the

Massachusetts Commonwealth Government to approve and pay such false and fraudulent claims.

94.     The Massachusetts Commonwealth Government, unaware of the falsity of the

records, statements and claims made, used, presented or caused to be made, used or presented by

Defendants, paid and continues to pay the claims that would not be paid but for the acts and/or

conduct of Defendants as alleged herein.

95.     By reason of the Defendants' acts, the Commonwealth of Massachusetts has been

damaged, and continues to be damaged, in substantial amounts to be determined at trial.

96.     Pursuant to Mass. Gen. Laws ch. 12, § 5B, the Commonwealth of Massachusetts

is entitled to three times the amount of actual damages plus the maximum penalty of $10,000 for

each and every false or fraudulent claim, record or statement made, used, presented or caused to

be made, used or presented by Defendants.

## COUNT THIRTEEN

### (Montana False Claims Act)
### (Mont. Code, Ch. 465 et seq.)

97.     Relator repeats and incorporates by reference the allegations contained in paragraphs 1 through 96 of this Complaint as if fully set forth herein.

98.     By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the State of Montana for payment or approval.

99.     By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Montana State Government to approve and pay such false and fraudulent claims.

100.    The Montana State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.

101.    By reason of the Defendants' acts, the State of Montana has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

102.    Pursuant to Mont. Code, Ch. 465, the State of Montana is entitled to a civil penalty equal to the full amount received by the person benefiting from the fraud plus triple the amount of damages suffered by the state as a result of the conduct by the person.

## COUNT FOURTEEN

### (Nevada False Claims Act)
### (Nev. Rev. Stat. § 357.010 et seq.)

103.    Relator repeats and incorporates by reference the allegations contained in paragraphs 1 through 102 of this Complaint as if fully set forth herein.

104.    By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the Nevada State Government for payment or approval.

105.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Nevada State Government to approve and pay such false and fraudulent claims.

106.    The Nevada State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.

107.    By reason of the Defendants' acts, the State of Nevada has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

108.    Pursuant to Nev. Rev. Stat. § 357.040(1), the State of Nevada is entitled to three times the amount of actual damages plus the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT FIFTEEN

### (New Hampshire False Claims Act)
### (N.H. Rev. Stat. Ann. § 167:61-b et seq.)

109.    Relator repeats and incorporates by reference the allegations contained in paragraphs 1 through 108 of this Complaint as if fully set forth herein.

110.    By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the New Hampshire State Government for payment or approval.

111.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the New Hampshire State Government to approve and pay such false and fraudulent claims.

112.    The New Hampshire State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.

113.    By reason of the Defendants' acts, the State of New Hampshire has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

114.    Pursuant to § 167:61-b, the State of New Hampshire is entitled to three times the amount of actual damages plus the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT SIXTEEN

### (New Jersey False Claims Act)
### (N.J. Stat. Ann. § 2A:32C-1 et seq.)

115.    Relator repeats and incorporates by reference the allegations contained in paragraphs 1 through 114 of this Complaint as if fully set forth herein.

116.    By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the New Jersey State Government for payment or approval.

117.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the New Jersey State Government to approve and pay such false and fraudulent claims.

118.    The New Jersey State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.

119.    By reason of the Defendants' acts, the State of New Jersey has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

120.    Pursuant to N.J. Stat. Ann. § 2A:32C-3, the State of New Jersey is entitled to three times the amount of actual damages plus the maximum penalty of $11,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT SEVENTEEN

### (New Mexico Fraud Against Tax Payers Act)
### (N.M. Stat. Ann. § 44-9-1 et seq.)

121.    Relator repeats and incorporates by reference the allegations contained in paragraphs 1 through 120 of this Complaint as if fully set forth herein.

122.    By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the New Mexico State Government for payment or approval.

123.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the New Mexico State Government to approve and pay such false and fraudulent claims.

124.    The New Mexico State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.

125.   By reason of the Defendants' acts, the State of New Mexico has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

126.   Pursuant to N.M. Stat. Ann. § 44-9-3, the State of New Mexico is entitled to three times the amount of actual damages plus the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT EIGHTEEN

### (New York False Claims Act)
### (N.Y. State Fin. Law § 187 et seq.)

127.   Relator repeats and incorporates by reference the allegations contained in paragraphs 1 through 126 of this Complaint as if fully set forth herein.

128.   By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the New York State Government for payment or approval.

129.   By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the New York State Government to approve and pay such false and fraudulent claims.

130.   The New York State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.

131.   By reason of the Defendants' acts, the State of New York has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

132.   Pursuant to N.Y. State Fin. Law § 189, the State of New York is entitled to three times the amount of actual damages plus the maximum penalty of $12,000 for each and every

false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT NINETEEN

### (North Carolina False Claims Act)
### (N.C. Gen. Stat. § 1-605 et seq.)

133.    Relator repeats and incorporates by reference the allegations contained in paragraphs 1 through 132 of this Complaint.

134.    By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the North Carolina State Government for payment or approval.

135.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the North Carolina State Government to approve and pay such false and fraudulent claims.

136.    By virtue of the acts described above, Defendants conspired with each other and with others to defraud North Carolina by inducing the North Carolina State Government to pay or approve false or fraudulent claims.

137.    The North Carolina State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by defendants, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.

138.    By reason of the Defendants' acts, the State of North Carolina has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

139.    Pursuant to N.C. Gen. Stat. § 1-607(a), The State of North Carolina is entitled to three times the amount of the actual damages plus the maximum penalty of $11,000 for each and

every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by defendants.

## COUNT TWENTY

### (The State False Claims Act (Rhode Island)
### (R.I. Gen. Laws § 9-1.1-1 et seq.)

140.   Relator repeats and incorporates by reference the allegations contained in paragraphs 1 through 139 of this Complaint as if fully set forth herein.

141.   By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the Rhode Island State Government for payment or approval.

142.   By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Rhode Island State Government to approve and pay such false and fraudulent claims.

143.   The Rhode Island State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.

144.   By reason of the Defendants' acts, the State of Rhode Island has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

145.   Pursuant to R.I. Gen. Laws § 9-1.1-3, the State of Rhode Island is entitled to three times the amount of actual damages plus the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT TWENTY-ONE

### (Tennessee False Claims Act)
### (Tenn. Code Ann. § 4-18-101 et seq.)

146.   Relator repeats and incorporates by reference the allegations contained in paragraphs 1 through 145 of this Complaint as if fully set forth herein.

147.   By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the Tennessee State Government for payment or approval.

148.   By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Tennessee State Government to approve and pay such false and fraudulent claims.

149.   The Tennessee State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.

150.   By reason of Defendants' acts, the State of Tennessee has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

151.   Pursuant to Tenn. Code § 4-18-103(a), the State of Tennessee is entitled to three times the amount of actual damages plus the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT TWENTY-TWO

### (Virginia Fraud Against Taxpayers Act)
### (Va. Code Ann. § 8.01-216.1 et seq.)

152.   Relator repeats and incorporates by reference the allegations contained in paragraphs 1 through 151 of this Complaint as if fully set forth herein.

153. By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the State of Virginia for payment or approval.

154. By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the State of Virginia to approve and pay such false and fraudulent claims.

155. The State of Virginia, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.

156. By reason of Defendants' acts, the State of Virginia has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

157. Pursuant to Va. Code § 8.01-216.3(A), the State of Virginia is entitled to three times the amount of actual damages plus the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT TWENTY-THREE

### (Chicago False Claims Act)
### (Chicago Municipal Code, ch. 1-22 et seq.)

158. Relator repeats and incorporates by reference the allegations contained in paragraphs 1 through 157 of this Complaint as if fully set forth herein.

159. By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the City of Chicago for payment or approval.

160. By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the City of Chicago to approve and pay such false and fraudulent claims.

161.    The City of Chicago, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.

162.    By reason of Defendants' acts, the City of Chicago has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

163.    Pursuant to Chicago Municipal Code, ch. 1-22-020, the City of Chicago is entitled to three times the amount of actual damages plus the civil penalty of not less than $5,000 and not more than $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT TWENTY-FOUR

### (New York City False Claims Act)
### (N.Y.C. Admin. Code § 7-801 et seq.)

164.    Relator repeats and incorporates by reference the allegations contained in paragraphs 1 through 163 of this Complaint as if fully set forth herein.

165.    By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to New York City for payment or approval.

166.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce New York City to approve and pay such false and fraudulent claims.

167.    New York City, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for the acts and/or conduct of Defendants as alleged herein.

168. By reason of Defendants' acts, New York City has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

169. Pursuant to N.Y.C. Admin. Code § 7-803, New York City is entitled to three times the amount of actual damages plus a civil penalty of between $5,000 and $15,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## VIII. DEMANDS FOR RELIEF

WHEREFORE, Relator, on behalf of the United States Government and Plaintiff States and Local Governments demands judgment against the above-named Defendants, ordering:

### As to the Federal Claims:

a. Pursuant to 31 U.S.C. § 3729(a), Defendants pay an amount equal to three times the amount of damages the United States Government has sustained as a result of Defendants' actions, plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C. § 3729 et seq., or such other penalty as the law may permit and/or require for each violation of other laws which governed Defendant's conduct;

b. Relator be awarded his relator's share of the judgment to the maximum amount provided pursuant to 31 U.S.C. § 3730(d) of the False Claims Act and/or any other applicable provision of law;

c. Relator be awarded all costs and expenses of this action, including attorneys' fees as provided by 31 U.S.C. § 3730(d) and any other applicable provision of the law; and

d. Relator and the United States of America be awarded such other and further relief as the Court may deem to be just and proper.

### As to the State and City Claims:

e. Relator and each named Plaintiff State and Local Government be awarded statutory damages in an amount equal to three times the amount of actual damages sustained by

each Plaintiff State and Local Government as a result of Defendants' actions, as well as the

maximum statutory civil penalty for each violation by Defendants within each Plaintiff State and

Local Government, all as provided by: D.C. Code Ann. § 2-308.14; Cal. Govt Code §12651(a);

Del. Code Ann. Tit. 6, §1201(a); Fla. Stat. Ann. § 68.082(2); Haw. Rev. Stat. § 661-21(a); 740

Ill. Comp. Stat. §175/3(a); Ind. Code 5-11-5.5-2(b); Mass. Gen. Laws ch. 12 §5B; Mont. Code

Ann. § 17-8-403; Nev. Rev. Stat. § 357.040(1); N.H. Rev. Staat. Ann § 167:61-b; N.J. Stat. Ann.

§ 2A:32C-3; N.M. Stat. Ann.§ 44-9-3; N.Y. State Fin.Law. § 189; N.C. Gen. Stat. § 1 – 605; R.I.

Gen. Laws § 9-1.1-3; Tenn. Code § 4-18-103; Va. Code Ann. § 8.01-216.3(A); Chicago

Municipal Code, ch. 1-22-020; and N.Y.C. Admin. Code § 7-803.

      f.     Relator be awarded his relator's share of any judgment to the maximum amount

provided pursuant to D.C. Code Ann. § 2-308.15; Cal. Govt. Code § 12651; Del Code Ann. tit. 6,

§ 1205; Fla. Stat. Ann. § 68.085; Haw. Rev. Stat. § 661-27; 740 Ill. Comp. Stat. § 175/4; Ind.

Code § 5-11-5.5-6; Mass. Gen. Laws ch. 12, § 5F; Mont. Code Ann. § 17-8-410; Nev. Rev. Stat.

§ 357.210; N.H. Rev. Stat. Ann. § 167:61-e; N.J. Stat. Ann. § 2A:32C-7; N.M. Stat. Ann. § 44-9-

7; N.Y. State Fin. Law § 192; N.C. Gen. Stat. § 1 – 605; R.I. Gen. Laws § 9-1.1-4; Tenn. Code

Ann. § 4-18-104(g); Va. Code Ann. § 8.01-216.7; Chicago Municipal Code, ch. 1-22-020; and

N.Y.C. Admin. Code § 7-803.

      g.     Relator be awarded all costs and expenses associated with each of the Plaintiff

State and Local Government claims, plus attorney's fees as provided pursuant to: D.C. Code

Ann. § 2-308.15; Cal. Govt. Code § 12651; Del Code Ann. tit. 6, § 1205; Fla. Stat. Ann. §

68.085; Haw. Rev. Stat. § 661-27, 740; Ill. Comp. Stat. § 175/4; Ind. Code § 5-11-5.5-6; Mass.

Gen. Laws ch. 12, § 5F; Mont. Code Ann. § 17-8-410; Nev. Rev. Stat. § 357.180; N.H. Rev.

Stat. Ann. § 167:61-e; N.J. Stat. Ann. § 2A:32C-7; N.M. Stat. Ann. § 44-9-7; N.Y. State Fin.

Law § 192; N.C. Gen. Stat. §§ 1 – 605; R.I. Gen. Laws § 9-1.1-4; Tenn. Code Ann. § 4-18-

104(g); Va. Code Ann. § 8.01-216.7; Chicago Municipal Code, ch. 1-22-020; and N.Y.C.

Admin. Code § 7-803.

      h.      Relator and the Plaintiff States and Local Governments be awarded such other

and further relief as the Court may deem to be just and proper.

**TRIAL BY JURY**

      Relator hereby demands a trial by jury as to all issues.

Dated: August 19, 2011              BY:

Sebastian A. Hoeges, VSB # 78595)
Julie Grohovsky
Shanlon Wu
WU, GROHOVSKY & WHIPPLE, P.L.L.C.
Ronald Reagan International Trade Center
1300 Pennsylvania Avenue, N.W.
Suite 700
Washington, D.C. 20004
202-204-3053
Attorneys for Relator Robert K. Fulk

33