# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into this 4 day of May, 2015, by and among the following parties: (1) Plaintiff Robert K. Fulk ("Relator"), (2) Defendant United Parcel Service Inc., UPS Supply Chain Solutions, and UPS Freight ("UPS"), and (3) the State of New Jersey, acting through the Department of Law and Public Safety, New Jersey Attorney General's Office ("New Jersey"). Relator, UPS, and New Jersey are collectively, the "Parties."

## RECITALS

A.  On August 19, 2011, Relator filed a lawsuit, *United States and the State of New Jersey et al. ex rel. Fulk v. United Parcel Service, UPS Supply Chain and UPS Freight*, Civil Action No. 1:11cv890 (CMH/TCB) (E.D. Va.), under the *qui tam* provisions of the New Jersey False Claims Act, N.J.S.A. § 2A:32C-1 *et seq.* (hereinafter "the Civil Action").

B.  New Jersey contends that from January 1, 2008 through December 31, 2013, certain UPS employees (1) inaccurately recorded delivery times on NDA packages charged to the State of New Jersey accounts, resulting in packages that appeared "on-time" when, in fact, they were not delivered by their commitment times; and (2) applied inapplicable or inappropriate "exception codes" to excuse late NDA packages charged to State of New Jersey accounts. As a result of the conduct described in (1) and (2), UPS customers were deprived the ability to claim or receive Guaranteed Service Refunds under the terms of the State of New Jersey contracts. The foregoing conduct is referred to below as the "Covered Conduct."

C.  This Agreement is neither an admission of liability or wrongdoing by UPS nor a concession by the State of New Jersey and/or Relator that their claims are not well-founded.

D.  Relator claims entitlement under N.J.S.A. § 2A:32C-7 and N.J.S.A. § 2A:32C-8 to a share of the proceeds of this Settlement Agreement and to Relator's reasonable expenses, attorneys' fees and costs.

To avoid the delay, uncertainty, inconvenience, and expense of protracted diligence, discovery, and litigation of the above claims, and in consideration of the mutual promises and obligations of this Agreement, the Parties agree and covenant as follows:

## TERMS AND CONDITIONS

1.  UPS shall pay to the State of New Jersey the sum of $740,000 (the "Settlement Amount"), by electronic funds transfer, no later than ten (10) business days after the Effective Date of this Agreement, pursuant to written instructions to be provided by the Office of the Attorney General for the State of New Jersey.

2.  Contingent upon the State of New Jersey receiving the Settlement Amount from UPS and as soon as feasible after receipt, the State of New Jersey shall pay the sum of $125,800 to Relator as a Relator's share (such sum, "Relator's Share") under the New Jersey False Claims Act

N.J.S.A. § 2A:32C-7 by electronic funds transfer pursuant to written instructions provided by Relator's Counsel.

3. UPS shall pay Relator's reasonable expenses plus reasonable attorneys' fees and costs pursuant to N.J.S.A. § 2A:32C-8 that Relator incurred in connection with the Civil Action (such expenses, fees and costs are referred to collectively herein as "Attorney's Fees"), to Relator's Counsel by electronic funds transfer pursuant to either: (A) a separate written agreement mutually arrived at (the "Attorneys' Fees Agreement") between UPS and Relator and Relator's Attorneys or (B) court order.

4. Upon receipt by the State of New Jersey of the Settlement Amount and Relator of the Relator's Share, the State of New Jersey and Relator shall promptly sign and file in the Civil Action pursuant to Federal Rule of Civil Procedure 41(a)(1) a Joint Stipulation of Dismissal With Prejudice of the Civil Action stipulating dismissal of all of the State of New Jersey's claims and of Relator's claims on behalf of the State of New Jersey in the Civil Action; such dismissal shall, however, not include, and shall expressly preserve the Court's jurisdiction over, UPS's obligation to pay the Attorney's Fees.

5. Subject to the exceptions in Paragraph 7 below, in consideration of the obligations of UPS in this Agreement, and conditioned upon UPS's full payment of the Settlement Amount, the State of New Jersey (on behalf of itself, its officers, agents, agencies, and departments) agrees to release UPS, and its parent corporations, subsidiaries, brother or sister corporations, divisions, current or former owners, affiliates, agents, employees, officers, directors, and the successors and assigns of any of them, from any civil or administrative monetary claim the State of New Jersey has or may have for the Covered Conduct under the New Jersey False Claims Act, N.J.S.A. § 2A:32C-1 *et seq.*, or the common law theories of payment by mistake, unjust enrichment, breach of contract, fraud, and recoupment.

6. In any criminal prosecution or administrative action relating to the Covered Conduct, UPS waives and shall not assert any defenses UPS may have that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action. Nothing in this paragraph or any other provision of this Agreement constitutes an agreement by New Jersey concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code, or New Jersey's revenue codes.

7. Notwithstanding the release given in Paragraph 5 of this Agreement, or any other term of this Agreement, the State of New Jersey specifically reserves and does not release the following claims:

    a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code) and any criminal, civil, or administrative liability arising under New Jersey's revenue codes;

    b. Any criminal liability;

    c. Except as explicitly stated in this Agreement, any administrative liability, including suspension and debarment rights of any state agency;

   e. Any liability to the State of New Jersey (or its departments and agencies) for any conduct other than the Covered Conduct;

   f. Any liability based upon obligations created by this Agreement;

   g. Any liability for personal injury or property damage or other consequential damages arising from the Covered Conduct; or

   h. Any claims against and liability of individuals except those released by the operation of Paragraph 7 above.

8. Relator and his heirs, successors, attorneys, agents, and assigns shall not object to this Agreement but agrees and confirms that this Agreement is fair, adequate, and reasonable under all the circumstances pursuant to the New Jersey False Claims Act. Conditioned upon Relator's receipt of Relator's Share in accordance with Paragraph 2 above, Relator, for himself and for his heirs, successors, attorneys, agents, and assigns, releases and forever discharges the State of New Jersey, its agencies, departments, officers, agents, and employees, from any claims arising from the filing of the Civil Action, or under the New Jersey False Claims Act in connection with the Covered Conduct, and from any claims to a share of the proceeds of this Agreement and/or the Civil Action.

9. Conditioned upon the State of New Jersey's receipt of the Settlement Amount in accordance with this Agreement, Relator, for himself and for his heirs, successors, attorneys, agents, and assigns, agrees to release and forever discharge UPS, and its current and former parent corporations, direct and indirect subsidiaries, brother or sister corporations, divisions, current or former owners, affiliates, agents, servants, employees, officers, directors, and the successors and assigns of any of them, from any liability to Relator arising out of the Civil Action. It is expressly understood and agreed that UPS is not released from its obligation to pay the Attorneys' Fees.

10. In consideration of the releases provided for herein, UPS, on its own behalf and on behalf of its current and former parent corporations, direct and indirect subsidiaries, brother or sister corporations, current or former owners, affiliates, agents, servants, employees, officers, directors, and the successors and assigns of any of them, releases and forever discharges Relator and any and all of his heirs, successors, attorneys, agents, and assigns, from any claims (including attorney's fees, costs and expenses of every kind and however denominated) that UPS, together with its parent corporations, subsidiaries, affiliates, agents, servants, employees, officers, directors, and the successors and assigns of any of them have asserted, could have asserted, or may assert in the future against Relator or his heirs, successors, attorneys, agents, and assigns related to the Covered Conduct, the Civil Action or the investigation, filing or prosecution of either of them.

11. In consideration of the releases provided for herein, UPS, on its own behalf and on behalf of its current and former parents corporations, direct and indirect subsidiaries, brother or sister corporations, current or former owners, affiliates, agents, servants, employees, officers, directors, and the successors and assigns of any of them, releases and forever discharges the State of New Jersey, its agencies, departments, officers, agents, and employees, from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) which UPS asserted, could have asserted, or may assert in the future against the State of New Jersey, its

agencies, departments, officers, agents, and employees, related to the Covered Conduct and the State of New Jersey's investigation and prosecution thereof.

12. UPS agrees to the following:

    a. Unallowable Costs Defined: All costs incurred by or on behalf of UPS, its present or former officers, directors, employees, shareholders, and agents in connection with:

        (1) the Civil Action;
        (2) the State of New Jersey audit(s) and civil investigation(s) of the matters covered by the Civil Action;
        (3) UPS's investigation, defense, and corrective actions undertaken in response to the State of New Jersey's audit(s) and civil investigation(s) in connection with the Civil Action (including attorney's fees);
        (4) the negotiation and performance of this Agreement;
        (5) the payments UPS makes to the State of New Jersey and to Relator or Relator's counsel pursuant to this Agreement;

are unallowable costs for government contracting purposes (hereinafter referred to as Unallowable Costs).

    b. Future Treatment of Unallowable Costs: UPS shall not charge such Unallowable Costs directly or indirectly to any contract with the State of New Jersey, and shall not cite such Unallowable Costs as the basis for any request for a price increase under any contract with the State of New Jersey or in which the State of New Jersey participates.

13. All communications and notices to be provided under this Agreement may be provided by facsimile or electronic transmission, United States mail or overnight delivery service. Notices made under this Agreement shall be directed as follows:

    As to Relator:        Shanlon Wu
                          Julie Grohovsky
                          Wu, Grohovsky & Whipple, PLLC
                          Suite 700
                          Ronald Reagan Building & International Trade Center
                          1300 Pennsylvania Avenue, N.W.
                          Washington, D.C. 20004

    As to UPS:            Andrew C. Hruska
                          Courtney D. Trombly
                          Edmund P. Power
                          King & Spalding
                          1700 Pennsylvania Avenue, N.W.
                          Suite 200

Washington, D.C. 20006-4707

As to the State of New Jersey:   Joan Karn
Deputy Attorney General
Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07102

14. The Parties warrant and represent that each person whose name appears below has the authority to enter into this Agreement on behalf of the party for whom they are designated signers, and that the Agreement to all of its provisions is made freely, voluntarily, without any degree of duress or compulsion whatsoever and with full knowledge of its contents and consequences.

15. Except as expressly provided for in this Agreement, each Party to this Agreement will bear its own legal and other costs incurred in connection with the Civil Action, including the preparation and performance of this Agreement.

16. This Agreement shall be binding upon the Parties and their respective successors and assigns.

17. This Agreement is governed by the laws of the State of New Jersey. The exclusive jurisdiction and venue for any dispute relating to this Agreement will be the United States District Court for the District of New Jersey.

18. The Parties hereto acknowledge that this Agreement was the result of negotiation and discussion among the Parties. The Parties further acknowledge that this Agreement shall be deemed to have been jointly prepared and that no particular party is to be deemed the drafter or preparer of this Agreement. Accordingly, to the extent there should later prove to be ambiguities in the Agreement, the Parties agree that such ambiguity shall not be construed in favor of or against any particular Party to this Agreement.

19. Both parties agree that UPS has cooperated extensively with the State of New Jersey in this matter, and has provided valuable information during the course of the government's investigation, including information that enabled the State of New Jersey to assess the extent of its damages.

20. This Agreement constitutes the entire agreement between the Parties and supersedes any and all prior or contemporaneous agreements between the Parties. This Agreement may not be amended or modified in any respect except in writing and executed by the Parties.

21. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

22.     This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

THE STATE OF NEW JERSEY

John J. Hoffman
Acting Attorney General
State of New Jersey

DATED: May 4, 2015    BY: _____
Joan Karn
Deputy Attorney General

<u>UPS</u>

DATED: 4 May 2015   BY: _____
Norman M. Brothers, Jr.
Assistant Secretary
United Parcel Service, Inc.

DATED: May 4 2015   BY: _____
for Andrew C. Hruska
King & Spalding
Counsel for United Parcel Service, Inc.

RELATOR

DATED: 5-4-15    BY: _____
                     Robert Fulk
                     Relator

DATED: 5/4/15    BY: _____
                     Shanlon Wu
                     Wu, Grohovsky & Whipple, PLLC
                     Counsel for Relator