IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 1:11cv890 (CMH/TCB) |
| EX REL. FULK, ET AL. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED PARCEL SERVICE, UPS SUPPLY ) | |
| CHAIN, AND UPS FREIGHT ) | |
| ) | |
| Defendants. ) | |

**MOTION FOR LEAVE TO FILE A MOTION TO DISMISS STATE CLAIMS**

Defendants United Parcel Service, UPS Supply Chain, and UPS Freight (collectively UPS) respectfully move the Court for leave to file a motion to dismiss all claims alleging violations of the state and city false claims acts, specifically Counts Five through Twenty-Four of relator's complaint (the "State Claims"), because the State Claims are preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"), 49 U.S.C. §§ 14501(c)(1) and 41713(b)(4)(A). That federal law explicitly bars enforcement of any state laws "related to the price, route, or service" of any ground or air carrier with respect to the transportation of property.

Both judicial economy and federal supremacy in the package transportation market militate for a prompt resolution of this issue in this Court. Although UPS has agreed – without admitting liability – with the United States to settle the federal allegations and reached a unique agreement with the State of New Jersey to resolve its allegations, it understands that at least several of the states, either individually or collectively, intend to continue investigations relating

1

to the State Claims.[1]  Now is the appropriate time, and this Court is the appropriate forum, to decide the preemption issue with respect to these claims.

Although the states have not formally intervened, the parties are well aware of the State Claims because the complaint was partially unsealed and shared (with some redactions) with UPS so that UPS could discuss a resolution with the United States.  Moreover, the preemption analysis is purely legal and further investigation by the states will not affect it; it is ripe for decision now.  Further, this Court has overseen this case since 2011 and is familiar with the allegations, and no other court—federal or state—is nearly as well situated to resolve the preemption issue efficiently.  Indeed, if the Court declined to retain supplemental jurisdiction over the State Claims and did not decide the preemption issue, claims likely would be filed in multiple state courts, wasting scarce judicial resources.  Finally, because these claims are clearly preempted, there is no basis for the states to continue these investigations.

Rather than allow the states to override the will of Congress to prevent precisely this sort of piecemeal state regulation over the national package delivery market, this Court should consider a motion to dismiss these claims with prejudice based on the FAAAA.  Further investigation would impose significant costs on UPS through aggressive pre-intervention discovery efforts—and rather than allow this 2011 case to linger indefinitely on the Court's docket while the states pursue pointless investigations of preempted claims—the Court should allow UPS to pursue a dispositive motion immediately.

Therefore, we respectfully request leave to file a motion to dismiss the preempted State Claims.  We are prepared to file such a motion on whatever schedule the Court deems appropriate.

---

[1] Four of the states listed in Relator's complaint – Montana, North Carolina, New Hampshire, and Oklahoma – have not contacted UPS about this matter.

**I.     The State Claims and Investigations.**

Although UPS has not been formally served with the complaint, it is well aware of the State Claims. During the course of negotiations with the United States, the U.S. Attorney's Office for the Eastern District of Virginia provided UPS with a partially redacted copy of the complaint. Relator essentially alleges that UPS failed to provide promised delivery services for certain packages sent by the states via its "Next Day Air" service classes and that it then submitted false claims to the states by billing or not refunding the charges for these packages. *See United States of America ex rel. Fulk, et al. v. United Parcel Service et al.*, Case No. 1:11cv890, Complaint (filed Aug. 19, 2011) at ¶¶ 11-19, 21-31. UPS has been contacted by eighteen of the states and cities identified in the complaint and dealings with them thus far have confirmed that their investigations are consistent with the allegations in the complaint and relate to the service provided and the rates charged by UPS. Most of the states have issued subpoenas or Civil Investigative Demands, pursuant to the investigative authority under their respective state false claims acts, requesting material such as the volume and cost of their Next Day Air deliveries as well as voluminous delivery data relating to these deliveries (including information about where and when packages were delivered, whether UPS drivers applied any "exception codes" that might render a package "on time" rather than "late," and additional details about the service that was provided).

UPS has responded to these information requests but has also clearly stated its position that the State Claims are preempted by federal law. We understand that at least several of the states disagree and intend to continue their investigations.

**II.     The FAAAA Squarely Preempts the State Claims.**

The State Claims are preempted under the plain meaning of the FAAAA and the Supremacy Clause of the United States Constitution. Through the FAAAA, Congress has barred the enforcement of state laws "related to the price, route, or service" of any motor carrier or intermodal ground/air carrier, such as UPS, with respect to the transportation of property. 49 U.S.C. §§ 14501(c)(1) (motor carriers), 41713(b)(4)(A) (air and intermodal carriers). Despite this express prohibition, the state and city FCA claims seek to subject UPS to liability for alleged false claims that relate directly to UPS's prices and service. These claims are plainly preempted by the FAAAA as a matter of law.

The Supreme Court has made clear that the "related to" preemption language used in the FAAAA has a broad scope, holding that "'[s]tate enforcement actions having a connection with, or reference to'" a carrier's price, route, or service are preempted, even if a state law's effect "'is only indirect.'" *Rowe v. New Hampshire Motor Transp. Ass'n*, 552 U.S. 364, 370, 372 (2008) (brackets in original, citation omitted). The Supreme Court has further held that the only claim "related to a [carrier's] price, route, or service" that can survive preemption is a "routine breach-of-contract claim[]" that does no more than enforce "the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement." *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 232-33 (1995) (interpreting analogous preemption provision of the Airline Deregulation Act, 49 U.S.C. 41713(b)(1)). Pure contract claims escape preemption because they "do not amount to a State's enact[ment] or enforce[ment]" of state law or standards. *Id*. at 228-29 (alteration in original; internal quotation marks omitted).

The claims in the relator's complaint as well as the state FCA enforcement investigations predicated on it are "related to" UPS's prices and services within the meaning of the FAAAA.

4

They arise from UPS's alleged failure to provide on-time deliveries and misrepresentations about the delivery of certain packages and UPS's corresponding collection of and/or failure to refund allegedly improper charges for those services. They would have a significant effect on UPS's price and service by imposing civil penalties and treble damages on UPS based on the manner in which UPS provided its services and the charges UPS collected for its services.

The claims and investigations are not "routine breach-of-contract" claims that seek only to enforce a contractual bargain without reference to state laws or policies outside the contract. Instead, they entail enforcement of state and city statutes that create rights and remedies far beyond those of a routine contract claim, which may include penalties between $6,000 and $12,000 for each violation as well as treble damages. *See, e.g.*, N.Y. State Fin. Law § 189(1)(h). Accordingly, courts in several states – including at least three of the states currently investigating UPS in this matter – have explicitly recognized that the FAAAA preempts such state FCA claims. *See New York ex rel. Grupp v. DHL Express (USA), Inc.,* 19 N.Y.3d 278, 281, 284-85 (2012); *see also DHL Exp. (USA), Inc. v. State, ex rel. Grupp*, 60 So. 3d 426 (Fla. App. 1 Dist. 2011); *Grupp v. DHL Express (USA), Inc.*, 170 Cal. Rptr. 3d 349, 355-56 (Cal. Ct. App. 2014), *review granted by and decision suspended by* 329 P.3d 192 (2014). Similarly, the Supreme Court has repeatedly held that actions brought under state consumer fraud and unfair business practices are preempted where, as here, they are enforced with respect to a carrier's price, route, or service. *See Wolens*, 513 U.S. at 224-25 (claims under Illinois Consumer Fraud and Deceptive Business Practices Act arising from changes to airline's frequent flyer program preempted); *Morales v. Trans World Airlines, Inc*., 504 U.S. 374, 379, 384 (1992) (enforcement of several states' fraud and consumer protection statutes as applied to content and format of airline advertising preempted).

Because these state FCA claims and underlying investigations are related to UPS's price and service and go well beyond "routine" contract enforcement, they are preempted as a matter of law.

### III. The Federal Preemption Issue Can and Should Be Resolved At This Time.

The Court is uniquely well-situated to address the preemption issue in an efficient and timely manner that will promote judicial economy and fairness to the parties. As a threshold matter, the Court has clear jurisdiction over the State Claims pursuant to 28 U.S.C. §§ 1367 and 31 U.S.C. 3732 ("district courts shall have jurisdiction over any action brought under the laws of any State for the recovery of funds paid by a State or local government if the action arises from the same transaction or occurrence as an action brought under [the Federal False Claims Act]"). Despite the resolution of federal claims, compelling reasons support retaining jurisdiction in this Court. No other federal or state court, to our knowledge, has any familiarity with these allegations. Further, declining to continue to exercise supplemental jurisdiction here likely would lead to a wasteful multiplication of proceedings, as various states would file suits in various forums that would all have to decide the same preemption question. This Court, in contrast, is familiar with the State Claims and, as a federal court, is well suited to decide this important issue of federal law. And finally, fairness to the parties favors resolving this dispositive federal preemption issue sooner rather than later. UPS should not have to incur additional costs in dealing with continued investigation by the states – let alone costs that may arise in defending any potential future litigation initiated by the states in courts scattered around the nation – when it is clear now, based on abundant precedent, that the State Claims are preempted.

**IV.   Conclusion**

For the foregoing reasons, UPS respectfully requests leave of Court to file a motion to dismiss the State Claims under the FAAAA.

                                    Respectfully submitted,

                                    /s/ Edmund P. Power
                                    Andrew C. Hruska, Esq. (*Pro Hac Vice* pending)
                                    Edmund P. Power, Esq. (VSB # 65841)
                                    KING & SPALDING LLP
                                    1700 Pennsylvania Avenue
                                    Washington, D.C.  20006
                                    Direct Dial: (202) 626-5570
                                    Direct Fax:  (202) 626-3737
                                    ahruska@kslaw.com
                                    epower@kslaw.com
                                    *Counsel for United Parcel Service*

May 18, 2015

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 18, 2015, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Peter H. Hyun
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Ave.
Alexandria, VA 22314
*Counsel for the United States*

Shanlon Wu
Julia Grohovsky
Wu, Grohovsky & Whipple, P.L.L.C.
Ronald Reagan International Trade Center
1300 Pennsylvania Ave., N.W. Suite 700
Washington, D.C. 20004
*Counsel for Relator*

      And I hereby certify that I will mail the document by U.S. mail or commercial carrier to the following non-filing user:

Rick Acker
Acting Supervising Deputy Attorney General
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
*Counsel for the State of California*

Charles A. King
Assistant Corporation Counsel
Department of Law
121 North LaSalle Street, Suite 600
Chicago, IL 60602
*Counsel for the City of Chicago*

Edward K. Black
Deputy Attorney General
Delaware Department of Justice, Civil Division
820 North French Street, 6th Floor
Wilmington, DE 19801
*Counsel for the State of Delaware*

Russell S. Kent
Special Counsel for Litigation
Office of the Attorney General
The Capitol PL-01
Tallahassee, FL 32399-1050
*Counsel for the State of Florida*

Stephen H. Levins
Deputy Attorney General
Hawaii Office of the Attorney General
425 Queen Street
Honolulu, Hawaii 96813
*Counsel for the State of Hawaii*

Harpreet K. Khera
Assistant Attorney General
Illinois Office of the Attorney General, Special Litigation Bureau
100 West Randolph Street, 11th Floor
Chicago, Illinois 60601
*Counsel for the State of Illinois*

Sara T. Martin
Deputy Attorney General
Indiana Office of the Attorney General
302 West Washington Street
Indiana Government Center South, 5th Floor
Indianapolis, Indiana 46204
*Counsel for the State of Indiana*

Matthew M. Lyons
Assistant Attorney General, Antitrust Division
Massachusetts Office of the Attorney General
Public Protection & Advocacy Bureau
One Ashburton Place
Boston, MA 02108
*Counsel for the Commonwealth of Massachusetts*

Jacob Campion
Assistant Attorney General
Office of the Minnesota Attorney General
1100 Bremer Tower
445 Minnesota Street
St. Paul, MN 55101
*Counsel for the State of Minnesota*

Tim Fox
Attorney General
Montana Department of Justice
Office of the Attorney General
215 N Sanders, Third Floor
Helena, MT 59620-1401
*Counsel for the State of Montana*

John McGlamery
Senior Deputy Attorney General
Nevada Office of the Attorney General
100 North Carson Street
Carson City, Nevada 89701
*Counsel for the State of Nevada*

Joseph Foster
Attorney General
New Hampshire Department of Justice
33 Capitol Street
Concord, NH 03301
*Counsel for the State of New Hampshire*

Joan E. Karn
Deputy Attorney General
Office of the New Jersey Attorney General
124 Halsey Street, 5th Floor
Newark, New Jersey 07101
*Counsel for the State of New Jersey*

Sean M. Cunniff
Assistant Attorney General
New Mexico Attorney General's Office
408 Galisteo Street
Santa Fe, New Mexico 87501
*Counsel for the State of New Mexico*

Adam L. Pollock
Assistant Attorney General
Office of the New York Attorney General
120 Broadway, 22nd Floor
New York, NY 10271-00332
*Counsel for the State of New York*

Richard J Costa
Assistant Corporation Counsel
New York City Law Department
Office of the Corporation Counsel
100 Church Street
New York, NY 10007
*Counsel for the City of New York*

Roy Cooper
Attorney General
North Carolina Department of Justice
9001 Mail Service Center
Raleigh, NC 27699-9001
*Counsel for the State of North Carolina*

E. Scott Pruitt
Attorney General
Oklahoma Office of the Attorney General
313 NE 21st Street
Oklahoma City, OK 73105
*Counsel for the State of Oklahoma*

Brenda D. Baum
Assistant Attorney General
Rhode Island Department of the Attorney General
150 South Main Street
Providence, RI 02903
*Counsel for the State of Rhode Island*

Anna Waller, Assistant Attorney General
Lyndsay Sanders, Assistant Attorney General
Office of the Tennessee Attorney General
425 Fifth Avenue North
Nashville, TN 37235
*Counsel for the State of Tennessee*

Peter E. Broadbent, III
Assistant Attorney General
Office of the Virginia Attorney General, Division of Debt Collection
Post Office Box 610
Richmond, VA  23218-0610
*Counsel for the Commonwealth of Virginia*

Jane Drummey
Assistant Attorney General
Office of the Attorney General
441 4th Street NW, Suite 630 South
Washington, D.C. 20001
*Counsel for the District of Columbia*

/s/ Edmund P. Power
Edmund P. Power (VSB # 65841)
KING & SPALDING LLP
1700 Pennsylvania Avenue
Washington, D.C.  20006
Direct Dial: (202) 626-5570
Direct Fax:  (202) 626-3737
epower@kslaw.com
*Counsel for United Parcel Service*

May 12, 2015